```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**
  vs.                                           Civil Action 2:14-1829
                                                            Judge Watson
                                                            Magistrate Judge King

**THIRTEEN THOUSAND SIX HUNDRED**
**FIFTY AND 00/100 DOLLARS**
**($13,650.00) IN UNITED STATES**
**CURRENCY,**
        **Defendant.**

## REPORT AND RECOMMENDATION

This case was referred to mediation during the September 2015 Settlement Week on July 24, 2015. *Notice of Mediation Conference*, ECF 14. The Court conferred with counsel for the parties shortly prior to the scheduled mediation on September 18, 2015. *Order*, ECF 17. It was represented that plaintiff had tendered a settlement demand, but that claimant made no response to that demand. *Id*. at 1. Claimant's counsel represented that he has been unable to communicate with the claimant and that the claimant was not expected to appear at the September 18, 2015 mediation. *Id*.[1] Based on that representation and upon the agreement of the parties, the Settlement Week mediation scheduled for September 18, 2015 was vacated. *Id*. The Court ordered claimant to show cause, by October 2, 2015, why sanctions, including dismissal of his claim, should not be imposed for failure to comply with the requirements of *General Order on Settlement Week,* Eastern Division General Order 01-2. *Id*. at 2. Although the claimant was

---

[1] On September 28, 2015, claimant's counsel filed a motion for leave to withdraw and/or for a continuance, representing that he has been unable to reach his client and has had no contact with his client. ECF 18.

expressly advised that his failure to respond to the *Order* was likely to result in the imposition of sanctions, including dismissal of his claim, there has been nevertheless been no response to the *Order*, ECF 17. Under these circumstances, it appears that claimant has abandoned the prosecution of his claims.

It is therefore **RECOMMENDED** that claimant's claim to the currency be dismissed for failure to prosecute and that judgment be entered in favor of the plaintiff.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 5, 2015                                         s/Norah McCann King
                                                          Norah M<sup>c</sup>Cann King
                                                     United States Magistrate Judge